Jack TURNER, Plaintiff–Appellant,

v.

Daniel BOLDEN, et al., Defendants–Appellees.

No. 00–1884.

United States Court of Appeals,
Sixth Circuit.

April 30, 2001.

Before BOGGS and CLAY, Circuit Judges; GWIN, District Judge.*

*ORDER*

Jack Turner, a Michigan state prisoner, moves for miscellaneous relief and appeals pro se the summary judgment in favor of defendants in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pur-

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

suant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking compensatory damages and injunctive relief, Turner filed a complaint against officials of the Michigan Department of Corrections, alleging that they had interfered with his practice of his Hare Krishna religious beliefs in violation of his First, Eighth, and Fourteenth Amendment rights. Specifically, Turner complained that it had taken several years for defendants to recognize the Hare Krishna religion, which recognition allowed for group services led by free world religious leaders; that defendants did not allow him to possess certain religious items; and that he was not permitted a diet which conformed to his religion. Turner alleged that he required a vegetarian diet, which was available, but that it must be prepared by a Hare Krishna follower, such as himself, and served on separate dishes which were not used for other foods. The district court granted the defendants' motion for summary judgment, and this appeal followed.

Upon de novo review of the record in this case, we conclude that defendants were entitled to judgment as a matter of law on some of the claims, but that genuine issues of material fact remain regarding other claims, which precluded the entry of summary judgment. *See LaPointe v. UAW, Local 600,* 8 F.3d 376, 378 (6th Cir.1993).

■ The district court properly found that defendants were entitled to judgment on Turner's claim for compensatory damages, because the abstract value of a constitutional right is not a basis for compensatory damages, *see Memphis Comm. Sch. Dist. v. Stachura,* 477 U.S. 299, 307–08 & n. 11, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986), and because Turner had not suffered any physical injury, as required before compensatory damages can be awarded, pursuant to 42 U.S.C. § 1997e(e).

■ The district court also properly concluded that defendants were entitled to judgment as a matter of law on Turner's claim of an Eighth Amendment violation, as he alleged no wanton and unnecessary infliction of pain which would rise to such a level. *See Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981).

■ The request for injunctive relief on the claim of failure to recognize Turner's religion in violation of the First Amendment and the Equal Protection Clause is moot, as Turner had already succeeded in achieving recognition of his religion before the suit was filed. Furthermore, the district court correctly concluded that Turner was not entitled to injunctive relief on his claim of denial of religious materials in violation of his First and Fourteenth Amendment rights. Defendants demonstrated that Turner's requests for religious materials were evaluated pursuant to the same standard applied to all such requests, and those which were not a security risk were permitted. Certain items that Turner requested, such as bronze statues and bowls, were not permitted because they could be used as weapons. Other items, such as pictures and prayer beads, were permitted. These restrictions on Turner's First Amendment rights were reasonable because they were rationally related to legitimate state interests, Turner had alternative means of practicing his religion, the burden on prison staff if the items were permitted would be great, and Turner was permitted some of the requested items. *See O'Lone v. Estate of Shabazz,* 482 U.S. 342, 349, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987); *Whitney v.*

*Brown,* 882 F.2d 1068, 1074–78 (6th Cir. 1989).

However, material issues of fact remain regarding Turner's claim for injunctive relief for the alleged violation of his First Amendment and Equal Protection rights regarding his diet. Defendants would not allow Turner to have a separate set of dishes or to prepare his own food. Yet, Turner's allegations that Muslim inmates are allowed to prepare their own food in their cells during Ramadan and that Orthodox Jewish inmates have a separate kosher kitchen have not been contradicted by defendants. There is insufficient evidence in the record regarding the burden Turner's requests would place on prison resources, or the existence of any alternatives which might satisfy his religious requirements. Remand for further factual findings on the First Amendment claim is therefore appropriate. *See DeHart v. Horn,* 227 F.3d 47, 58–60 & n. 8 (3d Cir. 2000) (en banc) (citing cases); *Ward v. Walsh,* 1 F.3d 873, 878–79 (9th Cir.1993). Similarly, Turner's equal protection argument raises issues of fact, as policies infringing on religious rights may be found unreasonable where accommodations are made for others. *See Love v. Reed,* 216 F.3d 682, 691 (8th Cir.2000). The Supreme Court, in *Cruz v. Beto,* 405 U.S. 319, 322 n. 2, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972), stated that it was not suggesting that every religious group, however few in number, must have identical facilities. However, in this case, the record contains no information regarding the number of inmates of the various religions who receive different treatment, or of the comparative burden on prison resources of accommodating the various religious requirements.

Accordingly, the summary judgment for defendants is affirmed in part as regards Turner's request for compensatory damages, his Eighth Amendment claim, and his request for injunctive relief on his requests for recognition of his religion and possession of religious items. The summary judgment is vacated and remanded in part for further consideration of Turner's request for injunctive relief on his allegations of First Amendment and Equal Protection violations with respect to his religious dietary needs. Rule 34(j)(2)(C), Rules of the Sixth Circuit. Turner's motion for miscellaneous relief is denied.